# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 7, 2007

## STATE OF TENNESSEE v. CHRISTOPHER CARTER

**Appeal from the Criminal Court for Shelby County**
**No. 05-05922     Chris Craft, Judge**

---

**No. W2006-02124-CCA-R3-CD  - Filed November 15, 2007**

---

JAMES CURWOOD WITT, JR., J., dissenting.

I respectfully dissent from the majority's holding that sufficient evidence supports the defendant's conviction of the aggravated assault of Michael Langston. My departure centers around the assault element of "caus[ing] another to reasonably fear imminent bodily injury." *See* T.C.A. § 39-13-101 (a)(2) (2006).

The majority concludes that Mr. Langston's fear of imminent bodily injury may be inferred from the circumstances, despite that Mr. Langston never testified that he experienced any such fear. In my view, the circumstances warrant an inference that, had Mr. Langston been fearful of serious bodily injury, the fear would have been reasonable. I see nothing, however, that warrants a conclusion that Mr. Langston was *in fact* fearful, and moreover, I view it as telling that the prosecuting attorney did not ask Mr. Langston, the victim, about this basic element of the charged offense. I believe that, although a fear of imminent bodily injury must be objectively reasonable, the statute also requires that the victim actually, subjectively be fearful. The defendant's action must *cause* a fear. Although I agree that a victim's actions may inferentially bespeak fear, I do not agree that in the present case the actions of persons other than the victim depict his actual frame of mind.

Indeed, some circumstances tend to attenuate the defendant's gesture and question, "You want some?" For instance, the incident occurred out of doors where Mr. Langston could have easily kept the defendant at bay by withdrawing or fleeing, as did Ms. Millington, who testified that she ran back and forth between the parking lot and a hill. Although Mr. Head was able to articulate a fear of imminent bodily injury, he testified that the defendant did not get close enough to stab him, and Mr. Head planned to also run away had the defendant approached. When the defendant looked at Mr. Langston and asked whether he "want[ed] some," Mr. Langston interpreted the question as an "invitation" to fight, and he replied in the negative. The victim then turned to face Ms. Millington, who merely ran away.

I note that the incident did not occur in a confined space, as in *James Albert Adams*, and the defendant in the present case held a knife, not a gun as in *Jessie James Austin*. A knife wielded in wide-open spaces can present a much different threat than the use of a gun, or even a knife in a confining space. Even if the circumstances other than the victim's own behavior could show the victim's fear, I just do not see in the present case the spatial, temporal, or emotional compression that necessarily imparts fear on the victim's behalf.

The majority relies in part upon Mr. Langston's witnessing the defendant stab Mr. Payne, but we do not know the nuances of that assault as Mr. Langston viewed it. The defendant did not merely rip away at an unsuspecting victim; rather, a single stab wound was inflicted during some form of a fight. I note that the jury did not convict the defendant of assaulting Mr. Payne. Thus, again, I am unconvinced that these circumstances were so strong as to necessarily impel Mr. Langston's actual fear of imminent bodily injury.

The State was obliged to prove each and every element of the charged offense beyond a reasonable doubt. In my view, it failed to establish that Mr. Langston was afraid of imminent bodily injury.

_____
JAMES CURWOOD WITT, JR., JUDGE